UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSHUA BELL,

              Petitioner,

v.

WARDEN, FCI FAIRTON,

              Respondent.

Civ. No. 23-1244 (RMB)

OPINION

### RENÉE MARIE BUMB, U.S.D.J.

Petitioner Joshua Bell, a federal inmate incarcerated at FCI Fairton in New Jersey, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Before the Court is Respondent's motion to dismiss the petition for lack of subject matter jurisdiction. ECF No. 9. For the reasons below, the Respondent's motion will be granted and the petition will be dismissed.

### I.    BACKGROUND

On August 26, 2009, Bell pleaded guilty in the United States District Court for the Western District of Texas to one count of aiding and abetting an attempted bank robbery, in violation of 18 U.S.C. §§ 2113 (a) & (d) and 18 U.S.C. § 2 (Count One); one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 371 & 2113(a) (Count Two); and one count of aiding and abetting the use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count Three). *United States v. Bell*, 7:09-cr-179-DC (W.D. Tex. 2009), ECF Nos. 36, 64, 77. The

district court accepted Bell's guilty plea on September 22, 2009. *Id.*, ECF No. 50. On November 24, 2009, Bell was sentenced to 71 months' imprisonment on Count One, 60 months' imprisonment on Count Two to run concurrently to the sentence on Count One, and 20 years' imprisonment on Count Three, to be served consecutively to Counts One and Two. *Id.*, ECF No. 64.[1]

On February 15, 2012, Petitioner filed his first § 2255 motion in the Western District of Texas. *Bell*, 7:09-cr-179-DC, ECF No. 97. It was denied on June 26, 2013. *Id.*, ECF No. 113. In November 2019, Petitioner, though counsel, moved for leave to file a second or successive § 2255 motion premised on *United States v. Davis*, 139 S. Ct. 2319 (2019). *See In re Bell*, No. 19-51091 (5th Cir.), ECF No. 2. The Fifth Circuit denied that motion in January 2020. *Id.*, ECF No. 18. Three years later, in January 2023, Petitioner, through counsel, again sought authorization to file a second or successive § 2255 motion, this time premised on *United States v. Taylor*, 596 U.S. 845 (2022). *See In re Bell*, No. 23-50035 (5th Cir.), ECF No. 2. The Fifth Circuit denied that motion in February 2023. *Id.* ECF No. 17.

In March 2023, Petitioner, now proceeding pro se, filed this habeas petition. ECF No. 1. Citing *Davis* and *Taylor*, he argues that his conviction on Count Three—for violating 18 U.S.C. § 924(c)—must be vacated because neither his conspiracy

---

[1] Petitioner is scheduled to be released from federal custody in August 2032. *See* https://www.bop.gov/inmateloc/ (search "Joshua Bell"; last visited January 11, 2023).

conviction nor his attempted armed bank robbery conviction is a valid § 924(c) predicate.[2] ECF No. 1 at 4; ECF No. 1-1 at 7–10.

On July 7, 2023, Respondent moved to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that, in light of the Supreme Court's decision in *Jones v. Hendrix*, No. 21-857, 599 U.S. 465 (2023), the Court lacks subject matter jurisdiction. Petitioner has not opposed or otherwise responded to the motion.

For the reasons that follow, the Court will dismiss the petition.

## II. DISCUSSION

Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001) (quoting 28 U.S.C. §§ 2241(a) & (c)(3)). Such a petition "may properly be used to challenge the execution of a criminal sentence," but "may normally not be used to challenge the validity of the conviction or sentence themselves." *Bond v. Warden of Fort Dix*, No. CV 21-17600, 2022 WL 3337758, at *2

---

[2] Section 924(c) authorizes heightened criminal penalties for using, carrying, or possessing a firearm in connection with any "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute defines a crime of violence as an offense that is a felony and either:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subpart (A) is referred to as the "elements clause" and subpart (B) is referred to as the "residual clause." *Taylor*, 596 U.S. at 848. In *Davis*, the Supreme Court invalidated the residual clause as unconstitutionally vague. *Davis*, 139 S. Ct. at 2324. In *Taylor*, the Supreme Court held that an attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A)'s elements clause. 596 U.S. at 851.

3

(D.N.J. Aug. 12, 2022); *see also Coady*, 251 F.3d at 485 ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.").

Generally, a federal prisoner seeking to challenge the validity of his sentence, as opposed to the calculation or execution of it, must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Flores v. Kodger*, No. 22-3750, 2022 WL 2187996, at *2 (D.N.J. June 17, 2022) (internal quotation marks and citation omitted). A limited exception to this rule is found in the "saving clause" of § 2255(e), under which a federal prisoner may proceed under § 2241 if the prisoner establishes that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

In *Jones*, the Supreme Court clarified that the saving clause allows recourse to § 2241 only in cases where "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones*, 599 U.S. at 478; *see also id.* at 474 (providing as examples of such "unusual circumstances" the "sentencing court's dissolution" and the prisoner's inability to attend a hearing in the trial court). The saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty Act ("AEDPA")] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id.* at 471; *see also id.* at 469–70 ("A federal prisoner may not . . . file a second or successive

4

§ 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved.").

Indeed, "the saving clause does not authorize . . . an end-run around" the "two—and only two—conditions in which a second or successive § 2255 motion may proceed." *Id.* at 477. That is, where the motion contains either: (1) "newly discovered evidence" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Thus, "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Jones*, 599 U.S. at 480; *see also Voneida v. Johnson*, 88 F.4th 233, 237 (3d Cir. 2023) ("*Jones* makes clear that AEDPA enumerated two—and only two—conditions in which a second or successive collateral attack may proceed, and an intervening change in statutory interpretation is not among them.") (cleaned up).

Here, Petitioner cannot challenge the validity of his conviction under either *Davis* or *Taylor* in a Section 2241 petition. As noted above, he has already sought authorization to file successive Section 2255 motions in the sentencing court premised on *Davis* and *Taylor*, and the Fifth Circuit denied his motion both times. *See In re Bell*, No. 19-51091 (5th Cir.), ECF No. 18; *In re Bell*, No. 23-50035 (5th Cir.), ECF No. 17. He cannot now bring the same claims in a different court under Section 2241 and seek a different result; the Fifth Circuit's denial of Petitioner's requests to bring a second or successive § 2255 motion does not render § 2255 "unavailable" within the meaning of

the saving clause. *Jones*, 599 U.S. at 471. If Petitioner believed the Fifth Circuit's denials of his motion were erroneous, he was required to pursue his arguments, to the extent the law allows, through ordinary appellate procedures—e.g., a petition for rehearing, or a petition for certiorari. *See Jones*, 599 U.S. at 471 (saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent . . . restrictions on second or successive § 2255 motions by filing a § 2241 petition"); *see also Walker v. United States*, No. 1:07-CR-00263-1, 2023 WL 6323110, at *5 (M.D. Pa. Sept. 28, 2023) ("Petitioner's § 2241 petition seeking relief based on *Taylor* is an unauthorized successive collateral attack on his sentence and the Court must dismiss the petition for lack of jurisdiction"); *Mesa v. Barraza*, No. 23-1209, 2023 WL 6609018, at *2 (M.D. Pa. Oct. 10, 2023) ("To the extent that Mesa is . . . arguing that his § 924(c) conviction is invalid in light of *Taylor*, this claim is properly considered under § 2255, not § 2241"); *Jackson v. Trate*, 2023 WL 5004981, at *1 (E.D. Cal. July 18, 2023) ("*Jones* precludes Petitioner from bringing statutory *Davis* and *Taylor* claims in a § 2241 petition pursuant to the saving[] clause.").

For these reasons, the Petition will be dismissed for lack of jurisdiction. An appropriate order will follow.

Dated: January 16, 2024

HON. RENÉE MARIE BUMB
Chief United States District Judge